UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                 Case Number 06-20364-BC
v.                                               Honorable Thomas L. Ludington

GERALD WALKER,

        Defendant.
_____ /

## **ORDER DENYING DEFENDANT'S MOTION FOR CREDITATION FOR TIME SPENT IN COUNTY JAIL**

On August 27, 2007, Defendant Gerald Walker entered a guilty plea to conspiracy to distribute or possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. Dkt. # 140. On November 28, 2007, the Court sentenced Defendant to be incarcerated for 120 months. At that time, Defendant was in custody for a violations of the terms of his supervised release in an unrelated criminal matter. *See* case number 03-50044. Defendant was detained in February of 2006 for the violation of supervised release and was sentenced to a term of twenty-four months incarceration in March of 2006. Defendant contends that in August of 2006 he was transferred into the custody of the United States Marshal Service for the "sole[]" purpose of his prosecution in the instant criminal matter. Defendant's instant motion requests the Court to reduce his 120 month sentence by the sixteen month period of incarceration between his arraignment and his guilty plea.

Although Defendant does not advance legal authority, his motion challenges the calculation of his sentence. 18 U.S.C. § 3585(b) provides as follows:

> **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

A district court, however, lacks jurisdiction over a post-conviction motion requesting sentence credit for other time served. *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). The Attorney General, through the Bureau of Prisons ("BOP"), has jurisdiction to calculate a sentence. *Id.* A defendant must first challenge the BOP's calculation and exhaust available administrative remedies. *Id.* Jurisdiction vests in a district court to review the BOP's calculation after a defendant has exhausted his administrative remedies.

Here, Defendant's motion does not indicate that he has exhausted available administrative remedies to challenge the calculation of his sentence. Thus, this Court lacks jurisdiction to grant Defendant the relief that he seeks. He must first exhaust available administrative remedies.

Accordingly, it is **ORDERED** that Defendant's motion "for creditation for time spent in county jail" is [Dkt. # 199] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 10, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS